# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0495V
**Filed: August 16, 2019**
UNPUBLISHED

|  |  |
|---|---|
| BETH RAITER,<br><br>                           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                           Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beechwood, OH , for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 4, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered the Table injury of shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on September 10, 2015. Petition at ¶¶ 2-3. On May 31, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 26.

On July 18, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 31. Petitioner requests attorneys' fees in the amount of $8,648.75 and attorneys' costs in the amount of $912.75. *Id.* at 7. In compliance with General Order #9, petitioner filed

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 33. Thus, the total amount requested is $9,561.50.

On July 25, 2019, respondent filed a response to petitioner's motion. ECF No. 32. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.　Attorney Fees

### A. Hourly Rates

Petitioner requests the rate of $400 per hour for work performed by attorney Howard Dale Mishkind and $125 for his paralegal.  Mr. Mishkind was previously awarded the rates of $385 for 2016 and $394 for 2017. *See Spearman v. Sec'y of Health & Human Servs.,* No. 16-1119V, 2018 WL 3991276, (Fed. Cl. Spcl. Mstr. April 10, 2018); *Walker v. Sec'y of Health & Human Servs*., No. 17-0689V, 2018 WL 5262623, (Fed. Cl. Spcl. Mstr. August 21, 2018).  The undersigned reduces Mr. Mishkind's rate for 2016 and 2017 to the previously awarded rates of $385 and $394, respectively. This results in a reduction of the request for attorney fees in the amount of **$66.75**.[3]  For 2018 and 2019, the undersigned finds the requested rate of $400 reasonable and awards it here in.  The rate of $125 per hour for work performed by the paralegal is reasonable and awarded herein.

## III.　Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $912.75. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

## IV.　Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $9,494.75[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Howard Dale Mishkind.**

The clerk of the court shall enter judgment in accordance herewith.[5]

---

[3] This amount consists of $250 - $233 = $17 x 21.1 = $358.70.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master